UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORTH SAILS GROUP, LLC, <br><br> Plaintiff, <br> v. <br><br> BOARDS AND MORE GMBH AND EMERAM CAPITAL PARTNERS, <br><br> Defendants. | Civil Action No. <br> 3:18 - CV - 160 (CSH) <br><br><br> FEBRUARY 6, 2018 |

## ORDER REGARDING SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

Plaintiff North Sails Group, LLC ("North Sails") brings this action against Boards and More GmbH ("B&M") and Emeram Capital Partners GmbH ("Emeram"), the private equity company that owns B&M, asserting that these defendants have breached a Trademark License Agreement ("License Agreement") entered between North Sails and B&M on October 1, 2000.[1] Under this License Agreement, North Sails provided B&M a worldwide exclusive license to use North Sails trademarks and a North Sails trade name ("North Marks") on certain B&M windsurfing, kitesurfing, and associated products ("Surf Sport Products"). Doc. 1, at 1. In return, B&M promised to use its "best good faith efforts to maximize the production, marketing, and sale of the Licensed Products"

---

[1] North Sails has alleged that Emeram is a German private investment company that "takes an active role in the management and operations of its portfolio companies, including B&M." Doc. 1, at 4. When Emeram acquired B&M, it set up a holding company, Emeram Aquatics Holding GmbH, directed by three Emeram partners: Volker Schmidt, Korbinian Knoble, and Christian Näther. Doc. 1, at 2, ¶ 4.

1

and to pay North Sails royalties on the these products. *Id.*, at 2, 5.

According to North Sails, contrary to the License Agreement, B&M is presently launching it own trademark for use with the Surf Sport Products. This B&M trademark which will replace the North Marks on all of B&M's 2019 models of Surf Sport Products, which will be released in Fall 2018. *Id.*, at 2, ¶ 3. North Sails alleges that the replacement of its trademark will result in "irreparable and other substantial harm to North Sails."[2] *Id.* Accordingly, North Sails has filed a motion for preliminary injunction, requesting that this Court enjoin B&M and its owner, Emeram, from "further breach of the Trademark License Agreemnt." Doc. 6, at 1.

In the Complaint, North Sails alleges that this Court has "diversity of citizenship" subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2). Doc. 1, at 4, ¶ 13. That statutory provision states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – . . .citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."

Reviewing the Complaint, however, the Court finds that the Plaintiff has failed to allege sufficient facts from which this Court may determine the citizenship of the parties for purposes of

---

[2] North Sails alleges that "it is now too late for [it] to partner with any party other than B&M for the marketing, production and sale of the 2019 models of the Surf Sport Products" so that the breach by B&M "will result in no new line of Surf Sport Products featuring the North Marks [trademark] during the upcoming season." Doc. 6-2 (Plaintiff's Memorandum), at 21. Moreover, current users of products with the North Marks will be "left without a supported brand." *Id.* The forthcoming breach by B&M will thus result in "immediate and irreparable damage" to North Sails's market exposure, goodwill, and reputation, all leading to a permanent loss of business. *Id.*

diversity of citizenship jurisdiction. Therefore, as set forth *infra,* the Court must ascertain whether subject matter jurisdiction exists or this case should be dismissed for lack thereof. It thus follows that Plaintiff must make additional submissions so the Court may consider the existence *vel non* of its subject matter jurisdiction.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction under Article III, Section 2, of the United States Constitution. *See, e.g., Chicot Cnty. Drainage Dist. Baxter State Bank*, 308 U.S. 371, 376 (1940), *reh'g denied*, 309 U.S. 695 (1940). The question of subject matter jurisdiction is fundamental so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) there exists "diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a). *See also Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Da Silva*

v. *Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

Unlike personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). 211 F.3d at 700-01. *See also, e.g., Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.,* 790 F.3d 411, 416-17 (2d Cir. 2015) ("A district court properly dismisses an action . . . for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it . . . .") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))*; Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

In order for diversity of citizenship to exist, the plaintiff's citizenship must be diverse from that of all defendants. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, such diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). *See also Wolde–Meskel v. Vocational Instruction Project Comm. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir.1999) ("Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed – the 'time-of-filing' rule.")

In the case at bar, there appears to be no basis for the Court to exercise "federal question" jurisdiction – *i.e.*, no claim arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff has brought two state law breach of contract claims, one against B&M and one against Emeram as B&M's alter ego, and a request for declaratory judgment against both defendants regarding breach of contract. Doc. 1, at 13-14. Consequently, Plaintiff's sole asserted jurisdictional basis is "diversity of citizenship." *Id.*, ¶ 5. North Sails has explicitly stated that "[t]he Court has subject matter jurisdiction under 28 U.S.C. [§]1332(a)(2) because Plaintiff seeks damages in excess of $75,000 exclusive of interest and costs, Plaintiff is a Delaware corporation with its principal place of business in Connecticut, and Defendants are Austrian and German Companies and residents." Doc. 1, at 4, ¶ II.13.

In order for diversity of citizenship to exist, North Sails's citizenship must be diverse from that of both defendants. *See, e.g.*, *St. Paul Fire & Marine Ins. Co.*, 409 F.3d at 80. Moreover, the "time-of-filing" rule dictates that "diversity must exist at the time the action is commenced," in this case January 26, 2018. *Universal Licensing Corp.*, 293 F.3d at 58.

Finally, to invoke "diversity of citizenship" jurisdiction, there must be a minimum amount in controversy exceeding "$75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a). The burden is on the plaintiff to allege in good faith that it sustained the mandatory minimum in damages. *See, e.g.*, *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.") (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). The amount in controversy must "appear on the face of the complaint or be established by proof."

*Miller v. European Am. Bank*, 921 F. Supp. 1162, 1167 (S.D.N.Y. 1996).

B.   **Citizenship of the Parties**

   1. **North Sails**

Examining the Complaint, North Sails's factual allegations regarding its own citizenship for diversity purposes are insufficient. In paragraph nine, Plaintiff states that "North Sails is a limited liability company registered in Delaware with its principal place of business in Milford, Connecticut and is owned by North Technology Group LLC, Inc., a Delaware corporation with its principal place of business in Milford, Connecticut." Doc. 1, at 3, ¶ I.A.9.

First of all, it is unclear from Plaintiff's allegations whether North Sails wishes the Court to consider its parent company as its alter ego for citizenship purposes.[3] "[A] subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (citation and internal quotation marks omitted).[4] Unless North Sails

---

[3] "In determining whether two entities constitute alter egos, 'a number of factors are recognized as key: whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.'" *Newspaper Guild of New York, Local No. 3 of Newspaper Guild, AFL-CIO v. N.L.R.B.*, 261 F.3d 291, 299 (2d Cir. 2001) (quoting *Goodman Piping Prod., Inc. v. N.L.R.B.*, 741 F.2d 10, 11 (2d Cir. 1984)). *See also NetJets Aviation, Inc. v. LHC Commc'ns*, LLC, 537 F.3d 168, 176-77 (2d Cir. 2008) ("[A]n alter ego analysis must start with an examination of factors which reveal how the corporation operates . . . .") (citation omitted).

[4] *See Zadora-Gerlof v. Axa Nordstern Art Ins. Corp.*, No. 01 CV 11828 (RO), 2002 WL 31324138, at *1 (S.D.N.Y. Oct. 17, 2002) ("While American law generally presumes that corporations are entities separate from their subsidiaries, . . ., federal courts sitting in diversity will ignore such corporate distinctions where the parent exercises sufficient control over the subsidiary.") (citation and internal quotation marks omitted).

Group, LLC is the alter ego of its parent, North Technology Group LLC, Inc., only North Sails's citizenship will be considered for diversity jurisdiction status. On the other hand, if North Sails and its parent company are alter egos, the citizenship of both the parent and subsidiary must be determined for diversity purposes. "Two corporations that are deemed to be alter egos of each other acquire the citizenship of each other." *Grunblatt v. UnumProvident Corp.*, 270 F. Supp. 2d 347, 352 (E.D.N.Y. 2003) (citing *Zadora-Gerlof v. Axa Nordstern Art Ins. Corp.*, No. 01 CV 11828 (RO), 2002 WL 31324138, at *1 (S.D.N.Y. Oct. 17, 2002)). "[A] jurisdictional alter ego analysis does not extend diversity jurisdiction by allowing a non-diverse corporation to assume the citizenship of its out-of-state alter ego; it merely adds an additional domicile for jurisdictional purposes." *Grunblatt,* 270 F. Supp. 2d at 352 (citation and internal quotation marks omitted). North Sails must thus inform the Court whether it is an alter ego of its parent company.[5]

Second, North Sails has informed the Court that it is a "limited liability company." Doc. 1, at 3, ¶ I.A.9. "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied*, 549 U.S. 1047 (2006). That means that the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding removed action

---

[5] The Court notes that if both North Sails and its parent company are corporations, they may have identical citizenship – Delaware and Connecticut – in that they are both incorporated in Delaware with their principal places of business in Connecticut. 28 U.S.C. § 1332(c). If, however, North Sails is actually a limited liability company, it may have different and/or additional states of citizenship. *See* Part II.B.1., *infra.*

for lack of diversity jurisdiction).

If, for example, a limited liability company has members who are individuals, the citizenship of those particular individuals is attributed to the limited liability company. An individual's citizenship is determined by his domicile, which is "his true, fixed and permanent home and place of habitation" – *i.e*, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983) (citation and internal quotation marks omitted). *See also Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000) (An individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to residence, because "[a]t any given time, a person has but one domicile."); *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("[I]t has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.").

Moreover, with respect to an alien litigant's citizenship for purposes of "diversity of citizenship," rather than domicile alone, federal courts focus on "official immigration status." *Mor v. Royal Caribbean* Cruises Ltd., No. 12 Civ. 3845(JGK), 2012 WL 2333730, at * 1 (S.D.N.Y. June 19, 2012) (gathering cases). In particular, an alien who has been accorded lawful permanent residence from the United States (*i.e.*, has obtained a "green card") is considered a citizen of the state in which he is domiciled. In contrast, one who is admitted into the United States on a temporary, non-immigrant visa (*e.g.*, as a temporary visitor for business or pleasure) is an alien for purposes of citizenship. *See, e.g., Mor*, 2012 WL 2333730, at *2 (citing *Kato*, 927 F.Supp. at 715-17).

If a member of the limited liability company is a corporation, pursuant to 28 U.S.C. § 1332(c)(1), its citizenship "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

A corporation's principal place of business under § 1332 is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)). "In practice, this should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center.'" *OneWest Bank,* 827 F.3d at 218 (citing *Hertz*, 559 U.S. at 93) (internal quotation marks omitted).

As a limited liability company, North Sails has failed to provide the identities and citizenship of each of its members. This information must be disclosed to insure that complete diversity exists between Plaintiff and Defendants in this action.[6]

### 2. **B&M**

Plaintiff has also failed to provide adequate details regarding the citizenship of the defendants in this action. Plaintiff alleges that "Defendant B&M is an Austrian limited liability company chartered under the laws of Austria with its principal place of business in Molln, Austria, and a wholly-owned United States subsidiary with a registered agent for service of process in Glenwood, Washington." Doc. 1, at 3, ¶ I.B.11. If B&M is a "limited liability company," as opposed to a corporation, the Court must be informed of the identities and citizenship of its members. In contrast, if B&M is a corporation, Plaintiff's allegations regarding B&M's country of incorporation and principal place of business suggest that, under 28 U.S.C. § 1332(c)(1), it is simply a citizen of Austria.

---

[6] Given Plaintiff's descriptions of the citizenship of the Defendants in this action, Doc. 1, at 4, ¶ II.13., the Court must determine, for example, whether any member of Plaintiff's limited liability company is a citizen of Austria or Germany, which would destroy diversity. *See infra*, at Parts II.B.2.-3.

9

Furthermore, Plaintiff includes B&M's "wholly-owned United States subsidiary" as a component of B&M as defendant, yet Plaintiff fails to state the name, type of entity, and/or status of that subsidiary (*e.g.*, alter ego) for citizenship purposes. Plaintiff merely informs the Court where the subsidiary may be served with process, the state of Washington. In order to determine whether B&M's citizenship is diverse from that of Plaintiff, the Court must know the scope of the entity being sued as B&M – whether Plaintiff is actually including B&M's subsidiary as defendant and whether that subsidiary is B&M's alter ego. If the answer to those questions is in the affirmative, the Court must be fully apprised of the citizenship of the subsidiary.

### 3. Emeram

Finally, North Sails alleges that "[d]efendant Emeram is a German company with its principal place of business in Munich, Germany." Doc. 1, at 4, ¶ 12. These allegations suffice to establish that Emeram is a citizen of Germany, if it is actually a corporation, 28 U.S.C. § 1332(c)(1). If, however, Emeram is actually a limited liability "company," as opposed to a corporation, the Court must be provided with the names and citizenship of its members. Clarification is thus necessary as to whether Emeram, as a "German company," is a corporation or limited liability company.

**C.     Jurisdictional Amount**

Finally, even if diversity of citizenship exists between the parties, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Given the scope of the License Agreement and the scale of North Sails's business and reputation (*e.g.*, "North Sails is the leading sail making company operating in 29 countries"), North Sails's statement that "Plaintiff seeks damages in excess of $75,000 exclusive of interest and costs" is

sufficient to set forth the requisite jurisdictional amount at this time.[7] Doc. 1, at 3, ¶ I.A.9., at 4, ¶ II. 13. The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel*, 166 F.3d at 63 (citing *Tongkook Am., Inc.*, 14 F.3d at 785-86).

Defendants have not appeared or answered in the action at this time. However, should they attempt to allege "bad faith" with respect to the jurisdictional amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Wolde-Meskel*, 166 F.3d at 63 (citation and internal quotation marks and brackets omitted). "Legal certainty is analyzed by what appears on the face of the complaint; subsequent events – such as a valid defense offered by the defendant, or actual recovery in an amount less than the minimum jurisdictional amount – do not show plaintiff's bad faith or oust the jurisdiction." *Id.* (citation and internal quotation marks and brackets omitted). *See also Scherer*, 347 F.3d at 397 ("[T]he amount in controversy [is measured] as of the date of the complaint" so that "[o]nce jurisdiction has attached, it cannot be ousted by subsequent events.").

### III. CONCLUSION

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Therefore, in order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS that plaintiff North Sails Group, LLC establish, by affidavit, its citizenship

---

[7] In addition, with respect to the value of the Surf Sport Products at issue under the License Agreement, before the alleged impending breach, "B&M has offered a broad, sophisticated range of products featuring the North Marks, developed over many years and which caters to a wide range of customer needs." Doc. 1, at 12, ¶ 44.

for diversity purposes as of the date this action was commenced, on January 26, 2018.

In particular, limited liability company North Sails is ORDERED to submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members as of January 26, 2018. If said members are individuals, North Sails must provide their states of domicile.[8] If any members are corporations, North Sails must indicate all states of incorporation and the principal place of business for each corporation. 28 U.S.C. § 1332(c)(1). If North Sails's members include any limited liability company, it shall establish the citizenship of each member of that limited liability company.

In addition, North Sails must clarify whether it is an alter ego of its parent company, North Technology Group LLC, Inc., and whether that entity is a corporation, so that it has citizenship in Delaware and Connecticut, or a limited liability company. If the parent is both an alter ego and a limited liability company, the Court must be informed of the citizenship of the parent's members.

Because Defendants have not yet been served or appeared, the Court requests that North Sails inform the Court of additional information regarding the citizenship of B&M and Emeram. As to B&M, Plaintiff shall, if it can obtain the necessary facts, inform the Court whether B&M is a corporation or limited liability company. If B&M is the latter, Plaintiff must provide the identities and citizenship of its members. In addition, Plaintiff must clarify whether it includes B&M's

---

[8] With respect to any individual members, North Sails must submit an affidavit explicitly providing that individual's state of domicile on January 26, 2018. In particular, it must include: (1) the state in which the individual was domiciled and principally established or his true fixed home and (2) the names, if any, of other states in which he had a residence. If there are additional states in which the individual maintained a residence, the affidavit must further provide: (a) the locations of all such residences kept and (b) the approximate length of time spent at each residence. Also, if any member is a foreign national domiciled in the United States, the Court must be apprised of such individual's immigration status.

"wholly-owned United States subsidiary" as part of B&M as a defendant in this action, and if so, the name, type of entity, and/or status of that subsidiary (*e.g.*, alter ego) for citizenship purposes.

As to Emeram, Plaintiff must either confirm that Emeram is a German corporation or clarify that it is a limited liability "company." If Emeram is a limited liability company, the Court must be informed of the identities and citizenship of Emeram's members before the action may proceed.

Given the urgent nature of Plaintiff's Motion for Preliminary Injunction [Doc. 6], Plaintiff must file its required citizenship affidavit(s) pursuant to this Order on or before **February 15, 2018**. Upon receipt and review of Plaintiff's affidavit(s), the Court will determine whether it possesses subject matter jurisdiction. If so, the action will proceed. Once Defendants have appeared, the Court will hold a hearing to resolve the preliminary injunction motion. Otherwise, in the absence of such jurisdiction, the Court will dismiss the action without prejudice to Plaintiff bringing it in a proper forum.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 6, 2018

/s/*Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge